MARK S. POSARD (SBN: 208790)
GORDON REES SCULLY MANSUKHANI, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
mposard@grsm.com

Attorneys for Defendants
**BURTON RESTAURANTS, LLC**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHELSEA GARLAND, TONYA HUGHES, NATASHA HERNANDEZ, GEANEEN COJOM, ARSENIO PELAYO, ALBERT FITCH, PAULEEN MARA, LORA PREMO, URCELINA MEDEIROS, RUBY SMITH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUNKIN DONUTS FRANCHISING, LLC, 6201 HOLLYWOOD DONUTS LLC, BURTON RESTAURANTS, LLC, RW OAKLAND LLC, MADISON FOOD MANAGEMENT, LLC, GOLDEN GATE RESTAURANT GROUP, LLC,<br><br>Defendants. | Case No.: 3:23-CV-06621-SI<br><br>**DEFENDANT BURTON RESTAURANTS, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Judge:** Hon. Susan Illston<br>**Date:** April 4, 2025<br>**Time:** 10:00 a.m. PT<br>**Location:** San Francisco Courthouse<br>Courtroom 1 – 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Action filed:  December 26, 2023<br>FAC filed:  December 11, 2024 |

**TO THE COURT, ALL INTERESTED PARTIES, AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 4, 2025 at 10:00 a.m. before the Hon. Susan Illston, District Judge in the U.S. District Court, Northern District of California, located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Burton Restaurants, LLC ("Burton") will and hereby does respectfully move to dismiss Plaintiffs' First Amended Class Action Complaint with prejudice (the "FAC").

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Burton asks the Court to dismiss Plaintiffs' FAC, without leave to amend. Plaintiffs' three claims against Burton fail because: (1) Plaintiffs have failed to sufficiently plead that they are disabled under the ADA, (2) the ADA does not require that public accommodations offer accessible goods at the same prices as non-accessible goods, (3) Plaintiffs have failed to plead discriminatory intent by Burton, a requirement under the California Unruh Act, and (4) Plaintiffs do not allege wrongful conduct for which they can base a claim for unjust enrichment. Finally, as Plaintiffs have already had an opportunity to address these pleading deficiencies, Burton's motion to dismiss should be granted without leave to amend.

This Motion is supported by the accompanying Memorandum of Points and Authorities.

Dated: February 26, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Mark S. Posard
Attorneys for Defendant Burton
Restaurants, LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 8

II. RELEVANT ALLEGATIONS IN THE FAC. ................................................................ 8

III. PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED. ........................................................................ 9

    A. Plaintiffs Fail to Sufficiently Plead that They are Disabled ................................ 10

    B. Certain Plaintiffs Fail to Plead Notice. ................................................................ 12

    C. The ADA Does Not Regulate the Pricing of Goods or Services. ........................ 13

    D. Defendants Do Not Impose an Unlawful "Surcharge" ........................................ 13

    E. Plaintiffs Fail To Plead Intentional Discrimination Under the Unruh Act. .......... 15

    F. Plaintiffs Fail To State A Claim for Unjust Enrichment ...................................... 17

IV. THE COURT SHOULD DENY LEAVE TO AMEND ................................................. 17

V. CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Macy's, Inc.*,
   943 F. Supp. 2d 531 (W.D. Pa. 2013)..................................................................................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................9, 10, 11, 16

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) ................................................................................................18

*Dare v. Co.*,
   191 F.3d 1167 (9th Cir.1999) .............................................................................................14

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ..............................................................................................17

*Disabled Rts. Action Comm. v. Santa Fe Gaming Corp.*,
   32 F. App'x 820 (9th Cir. 2002)..........................................................................................17

*Doe v. CVS Pharmacy, Inc.*,
   982 F.3d 1204 (9th Cir. 2020) ............................................................................................10

*Doe v. Mut. of Omaha Ins. Co.*,
   179 F.3d 557 (7th Cir. 1999) ..............................................................................................13

*Fortyune v. Am. Multi-Cinema, Inc.*,
   364 F.3d 1075 (9th Cir. 2004) ............................................................................................12

*Arizona Ex rel. Goddard v. Harkins Amusement Enters., Inc.*,
   603 F.3d 666 (9th Cir.2010) ...............................................................................................13

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*,
   742 F.3d 414 (9th Cir. 2014) ..............................................................................................16

*Griffin v. United Parcel Service, Inc.*,
   661 F.3d 216 (5th Cir. 2011) ..........................................................................................8, 11

*Ismail v. Cnty. of Orange*,
   917 F. Supp. 2d 1060 (C.D. Cal. 2012) ..............................................................................17

*Jancik v. Redbox Automated Retail, LLC*,
   No. SACV 13-1387-DOC, 2014 WL 1920751 (C.D. Cal. May 14, 2014).............................13

*Karczewski v. DCH Mission Valley LLC*,
   862 F.3d 1006 (9th Cir. 2017) ............................................................................................12

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

*Martinez v. Cot'n Wash, Inc.*,
    81 Cal. App. 5th 1026 (2022), review denied (Nov. 9, 2022) .................................................15

*McCauley v. City of Chicago*,
    671 F.3d 611 (7th Cir. 2011) ...................................................................................................11

*McNeil v. Time Ins. Co.*,
    205 F.3d 179 (5th Cir. 2000) ...................................................................................................13

*Molski v. M.J. Cable, Inc.*,
    481 F.3d 724 (9th Cir. 2007) ...................................................................................................10

*Munoz v. Peets Coffee, Inc.*,
    2024 WL 4700646 (N.D. Cal. Nov. 5, 2024) .................................................................. *passim*

*Namisnak v. Uber Techs., Inc.*,
    No. 17-CV-06124-RS, 2018 WL 7200717 (N.D. Cal. Oct. 3, 2018) ......................................12

*Oregon Laborers-Employes Health & Welfare Trust Fund v. Philip Morris*,
    185 F.3d 957 (9th Cir.1999) ....................................................................................................17

*Phillips v. P.F. Chang's China Bistro, Inc.*,
    No. 5:15-CV-00344-RMW, 2015 WL 7429497 (N.D. Cal. Nov. 23, 2015) ...........................11

*Quantum Labs, Inc. v. Maxim Integrated Prods.*,
    No. 18-cv-07598-BLF, 2019 U.S. DIST. LEXIS 199579 .......................................................17

*St. Clare v. Gilead Scis., Inc.*,
    536 F.3d 1049 (9th Cir. 2008) .................................................................................................10

*Vazquez v. Loredo Transit Management, Inc.*,
    2007 WL 2363152 (S.D. Tex. Aug. 16, 2007) ........................................................................11

*Walker*, *supra*, ...................................................................................................................................11

*Weyer v. Twentieth Century Fox Film Corp.*,
    198 F.3d 1104 (9th Cir. 1999) .................................................................................................13

**Statutes**

42 U.S.C. § 12101 (1990) ....................................................................................................................8

42 U.S.C. § 12102(1) (1990) .............................................................................................................10

42 U.S.C. § 12182(a) (1990) ..............................................................................................................10

Cal. Civ. Code § 51(f) (2016) ............................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................9, 16

**Regulations**

28 C.F.R. § 36.301(c).................................................................................................................14

29 C.F.R § 1630.2(j) (Mar. 25, 2011)........................................................................................10

29 C.F.R. § 1630.2(j)(2) (Mar. 25, 2011) ..................................................................................10

**Gordon Rees Scully Mansukhani, LLP**
3 Park Center Drive, Suite 200
Sacramento, CA 95825

# STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs have adequately pled claims against Burton for (1) violations under Title III of the ADA, (2) violations under California's Unruh Act, and (3) unjust enrichment.

2. Whether Plaintiffs should be granted leave to amend.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs' putative class action hinges on the flawed argument that any public venue offering food or drinks with non-dairy alternatives (oak milk, cashew milk, hemp milk) violates the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (1990) ("ADA") unless it offers, these alternatives at the same price as its dairy offerings for those who are lactose intolerant. This argument goes well beyond the scope of the ADA and has consistently been rejected by federal courts. Indeed, Plaintiffs' counsel made this same argument in another case in the Northern District of California, *Munoz v. Peets Coffee, Inc.*, 2024 WL 4700646 (N.D. Cal. Nov. 5, 2024), which was outright rejected by the Court. Further, *Munoz* and other federal courts, have questioned whether lactose intolerance qualifies as a disability under the ADA and, for such claims, established a pleading standard for viable ADA claims that Plaintiffs fail to meet here, despite prior leave to amend. *Id.*; *Griffin v. United Parcel Service, Inc.*, 661 F.3d 216, 223 (5th Cir. 2011). Plaintiffs remaining two claims fail because they have not plead any discriminatory intent by Burton, a requirement under the Unruh Act and have failed to plead "wrongful" conduct needed to support a cause of action for unjust enrichment.

## II. RELEVANT ALLEGATIONS IN THE FAC.

All Plaintiffs claim to suffer from lactose intolerance and milk allergies and state that it is "medically necessary for persons like Plaintiffs to avoid consuming drinks that contain milk." (Dkt. 47, ¶2)

Plaintiffs allege that Burton "is registered as a California Limited Liability Company, with its principal place of business located at 2560 Progress St., Vista, CA 92081", and that it is "operating the restaurants located at 409 Washington St., San Diego, CA 92103 and 2139 East Place Blvd., National City, CA 91950." (Dkt. 47, ¶106) Plaintiffs also allege that "Dunkin directs its franchisees in California to impose a surcharge for Non-Dairy Alternatives and to adhere to the policies that are subject to this lawsuit." (Dkt. 47, ¶30) Plaintiffs further allege that "Dunkin imposes a charge and directs each Franchisee implement it for replacing milk with Non-Dairy Alternatives and recommends that each franchisee charges at least US $0.50 "upcharge" for any

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

expresso-based drink that incorporates any Non-Dairy Alternative." (Dkt. 47, ¶23)

All Plaintiffs bring the First Cause of Action against Burton for alleged violation of Title III the ADA. (Dkt. 47, ¶¶168-188) Plaintiffs Hughes, Hernandez, Garland, and Cojom bring the Second Cause of Action against Burton for alleged violation of California's Unruh Civil Rights Act. (Dkt. 47, ¶¶189-218) and the Eighth Cause of Action against Burton for unjust enrichment under California law. (Dkt. 47, ¶¶255-268) As to the definition of a "National Class," Plaintiffs only include "persons who (1) suffer from lactose intolerance, or an intolerance to milk or milk-containing products; and (2) who purchased drinks or other items *from Dunkin* within four years prior to the filing of the Complaint and continuing to the present." (Dkt. 47, ¶155)(emphasis added). Plaitniffs define the "California Subclass" as "persons who (1) are citizens of California; (2) suffer from lactose intolerance, or an intolerance to milk or milk-containing products; and (3) who purchased drinks or other items *from Dunkin* in California within two years prior to the filing of the Complaint and continuing to the present." (Dkt. 47, ¶155)(emphasis added). There is no reference to Burton.

Plaintiffs allege that Dunkin and its franchisees charge between between $0.50 to $2.15 for non-milk alternatives in its drinks. (Dkt. 47, ¶5)

Glaringly missing from the FAC is any allegation that any of the plaintiffs visited either of the two stores alleged to be operated by Burton; that any plaintiff disclosed their lactose intolerance or milk allergy during a visit to a store operated by Burton; that any plaintiff was charged more for non-dairy alternatives than any non-lactose intolerant customer at either of the two stores; that any plaintiff asked for, or was denied, a request for modification to their order at a store operated by Burton; or that any plaintiff failed to receive the non-dairy alternative for which they paid.

### III.   PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires a plaintiff to allege

"more than a sheer possibility that a defendant has acted unlawfully" and "more than labels and conclusions." *Id.* at 555. A court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### A. Plaintiffs Fail to Sufficiently Plead that They are Disabled

The ADA provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §§ 12182(a) (1990). Courts evaluate California state discrimination claims under the ADA. Cal. Civ. Code § 51(f) (2016); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

A plaintiff asserting a claim of disability discrimination under the ADA "must show that (1) they are disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of the disability." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020), *quoting Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007).

To invoke protection under the ADA, Plaintiffs must show that they suffer from a "disability," which the ADA defines in relevant part as "a physical . . . impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1) (1990). "[S]ubstantially limits" is defined as being restricted in performing a major life activity as compared to most people in the general population. 29 C.F.R § 1630.2(j) (Mar. 25, 2011). To determine if an impairment substantially limits a major life activity, the Court considers "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2) (Mar. 25, 2011).

While Burton was not a defendant at the time of the Court's Order Granting Dunkin's Motion to Dismiss (Dkt. 21) in this case, the Court found that Plaintiffs failed to sufficiently allege

facts to demonstrate that they are "disabled" within the meaning of the ADA. That ruling is applicable here because it includes the same plaintiffs attempting to make the same arguments as to all defendants. Despite the opportunity to amend and address the Court concerns about the conclusory allegations in the original Complaint, Plaintiffs' FAC continues to allege in conclusory fashion that lactose intolerance and milk allergies are disabilities under the ADA without any facts demonstrating how their individual purported lactose intolerance or dairy allergy substantially limits their own life. Each plaintiff simply recites some version of plaintiff "is substantially impaired in several major life activities" because they must consume non-dairy milk alternatives. (Dkt. 47, ¶35 (Garland), ¶44 (Hughes), ¶ 48 (Hernandez)). Plaintiffs do nothing more than offer copy-and-paste "formulaic recitations of the cause of action" which fails to meet the requirements of *Twombly*. *See also McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

The deficiencies of Plaintiffs' allegations regarding their alleged disability are underscored by a litany of case law recognizing that even arduous and burdensome dietary requirements do not necessarily demonstrate substantial impairment under the ADA. *See*, *e.g.*, *Walker*, *supra*, at *8 ("Merely because [he] must watch and limit what he eats more closely than a member of the general population does not mean that he is disabled under the ADA"); *Griffin*, *supra*, at 223, *citing Walker*; *see also Vazquez v. Loredo Transit Management, Inc.,* 2007 WL 2363152 (S.D. Tex. Aug. 16, 2007) (dismissing argument that any modification to a plaintiff's diet equates to a disability under the ADA and noting, many "eating-related impairments" including diabetes, lactose intolerance, and food allergies would be improperly recognized as a disability). In *Walker*, the court dismissed the complaint of a diabetic plaintiff finding they failed to show that diabetes substantially limited a major life activity because "many people have to monitor their food intake for health and lifestyle reasons"). These cases are consistent with *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-CV-00344-RMW, 2015 WL 7429497 (N.D. Cal. Nov. 23, 2015) ("*Phillips II*") cited by the Court's May 14, 2024 Order Granting Dunkin's original Motion to Dismiss. Doc. 34; *see also Garland I*. Here, none of the Plaintiffs have pled facts sufficient to plausibly allege a disability under the ADA. Accordingly, all claims under the ADA and the California Unruh Civil Rights Act, along with the tethered Unjust Enrichment claim,

against Burton should be dismissed with prejudice.

### B. Certain Plaintiffs Fail to Plead Notice.

If a plaintiff's theory of discrimination under Title III includes a defendant's alleged failure to make a reasonable modification to a policy or practice, the plaintiff must sufficiently allege that the "defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1010 (9th Cir. 2017), *quoting Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1082 (9th Cir. 2004). And, "[w]hile no 'magic' words are required, a plaintiff must request an accommodation before claiming that a defendant has refused to modify its policy, practices or procedures in violation of the ADA." *Munoz*, 2024 U.S. Dist. LEXIS 201361, at *11-12 (internal quotation marks and citation omitted) "[D]istrict courts in the Ninth Circuit have interpreted *Karczewski* and *Fortyune* to require a plaintiff to demonstrate they have asked the defendant to change its policy before filing suit." *Namisnak v. Uber Techs., Inc*., No. 17-CV-06124-RS, 2018 WL 7200717, at *3 (N.D. Cal. Oct. 3, 2018). While Plaintiffs are not required to "'say the magic words,' they must request an accommodation before they claim a defendant has refused to modify its policy, practices or procedures in violation" of the ADA. *Id.*

With respect to the named Plaintiffs, only Garland, Hernandez, Cojom, and Mara have even plausibly alleged that they made someone at Dunkin aware of their alleged lactose intolerance, that they asked for a modification, and that the modification was denied. (Dkt. 47, ¶¶40-41 (Garland), ¶¶52-53 (Hernandez), ¶¶61-62 (Cojom), ¶¶80-81 (Mara)). Plaintiffs Fitch and Smith allege they provided notice to someone at Dunkin (Dkt. 47, ¶74 (Fitch), ¶102 (Smith)) but offer no allegations related to asking for, or being denied, a modification. Plaintiffs Hughes, Palayo, and Medeiros offer no allegations related to any of the three requirements. And Plaintiff Premo asserts that she did not share her intolerance or purported allergy with Dunkin on the grounds that such disclosure would violate her privacy rights. (Dkt. 47, ¶90) Case law evaluating claims under Title III is clear that notice, a request for a modification, and denial are prerequisites to filing suit. Accordingly, the ADA claims brought by Plaintiffs Hughes, Fitch, Palayo, Medeiros,

Premo, and Smith must be dismissed.

### C. The ADA Does Not Regulate the Pricing of Goods or Services.

Moreover, court have repeatedly made clear that Title III of ADA regulates only access to the goods and services at places of public accommodation, not the pricing of those goods and services. *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) (stating it "is hardly a feasible judicial function to decide" whether a public accommodation must alter its inventory to include accessible or special goods "and if so at what price[.]"). The *Doe* Court further dismissed any interpretation of the ADA that would position it as a regulator of retail pricing. *Id.* ("Had Congress purposed to impose so enormous a burden on the retail sector of the economy and so vast a supervisory responsibility on the federal courts, we think it would have made its intention clearer [.]"). Other Federal Courts follow this same reasoning. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 187 (5th Cir. 2000) ("to suggest that the disabled must be able to enjoy every good and service offered to the same and identical extent as those who are not disabled" is a reading, "plainly unrealistic, and surely unintended, because it makes an unattainable demand."); *Jancik v. Redbox Automated Retail, LLC*, No. SACV 13-1387-DOC, 2014 WL 1920751, at *4 (C.D. Cal. May 14, 2014) ("The core meaning of Title III, plainly enough, is that the ADA requires equal access to places of public accommodation—not equally valuable goods and services available at the public accommodation."); *see*, *e.g.*, *Arizona Ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 671 (9th Cir.2010) (Title III does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided.").

Court in the Ninth Circuit have consistently recognized this reading of the ADA's aim to regulate access, not content or pricing. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115-16 (9th Cir. 1999). Thus, Plaintiffs' argument relating to the "pricing" of the products fails.

### D. Defendants Do Not Impose an Unlawful "Surcharge"

Additionally, under the DOJ's Title III regulations, public accommodations "may not impose a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as . . . reasonable modifications in policies,

practices, or procedures, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part." 28 C.F.R. § 36.301(c) (providing that "[a] public accommodation may not impose a surcharge on a particular individual with a disability or group of individuals with disabilities to cover the costs of measures ... that are required to provide that individual or group with the nondiscriminatory treatment required by the" ADA).

To evaluate whether an additional fee constitutes an unlawful surcharge under the ADA, courts consider two factors: (1) whether the price increase or fee is required for a measure mandated by the ADA; and (2) whether the price increase or fee is one that "nondisabled people would not incur." *Anderson v. Macy's, Inc*., 943 F. Supp. 2d 531, 545 (W.D. Pa. 2013) (*citing Dare v. Co.*, 191 F.3d 1167, 1171 (9th Cir.1999). "If nondisabled people pay the same fee for an equivalent service, the charge to disabled people would not constitute a surcharge on a 'required' measure." *Id.*

First, there is no ADA mandate that Burton must offer non-dairy alternatives. Where a measure is "not required under the ADA, the inquiry ends." *Id.*; *see also Anderson*, 943 F. Supp. 2d at 546 (finding first prong was not met because defendant was not required to carry the particular product).

Second, Plaintiffs do not allege that *only* those with lactose intolerance or milk allergies are charged the increased pricing for drinks made with non-dairy alternatives. (Dkt. 47, ¶5) They also do not dispute that the prices that Burton charges for drinks with non-dairy alternatives apply to *all* customers, regardless of whether those customers have lactose intolerance or milk allergies. (Dkt. 47, ¶5) Under *Dare*, this is not an unlawful surcharge. *Dare*, 191 F.3d at 1171 ("[i]f nondisabled people pay the same fee for an equivalent service, the charge to disabled people does not constitute a surcharge."). The Northern District Court in the *Munoz* case (a virtually identical case brought by Plaintiffs' counsel against Peets Coffee), relying on *Dare*, reached the same result. *Munoz*, *supra*, at *3 (finding no surcharge on individuals with lactose intolerance or milk allergies where anyone who orders a drink made with a non-dairy alternative is charged the same price, noting customers order such alternatives "for reasons unrelated to having a medical condition— including personal preference.").

-14-
DEFENDANT BURTON RESTAURANTS, LLC'S MOTION TO DISMISS
CASE NO. 3:23-CV-06621-SI

### E. Plaintiffs Fail To Plead Intentional Discrimination Under the Unruh Act.

Plaintiffs' Unruh Act claims also fail as a matter of law because Plaintiffs admit that all customers – regardless of whether they are lactose intolerant or have a milk allergy – who order drinks with non-dairy alternative milks pay the same price. (Dkt. 47, ¶5) To plead an Unruh Act claim, distinct from an ADA claim, Plaintiffs must allege *intentional* discrimination. This requires specific allegations of, "willful, affirmative misconduct with the specific intent to accomplish discrimination on the basis of [a protected trait]." *Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036, (2022), review denied (Nov. 9, 2022). And while evidence of disparate impact *may* be probative of intentional discrimination under the Unruh Act, "it cannot alone establish such intent." *Id.*

Plaintiffs' allegations related to Burton's alleged intentional discrimination fall into three main categories:

(1) mere conclusory statements:

- "Defendants created and implemented a surcharge targeted to persons with lactose intolerance." (Dkt. 47, ¶194)
- "The Surcharge constitutes intentional discrimination against persons with lactose intolerance." (Dkt. 47, ¶194)
- "Consumers who need Non-Dairy Alternatives because of their disability, specifically lactose intolerance and milk allergy, are targeted for the Surcharge because of their specific medical condition." (Dkt. 47, ¶196)

(2) misguided, irrelevant, and conclusory assertions that Burton's offering of other menu substitutions (sugar-free syrup or decaf coffee for example) demonstrates a willful intent to target customers with lactose intolerance:

- "Defendants accommodate other customers' dietary preferences and allergies free to charge but impost a surcharge only on persons with lactose intolerance." (Dkt. 47, ¶194)
- "Defendants provide modifications or substitutes for persons with heart conditions (caffeine-free) or diabetes (sugar-free) at no additional charge." (Dkt. 47, ¶195)

- Defendants are making a choice to impose the Surcharge for necessary beverage modifications for one class of persons with a specific disability, lactose intolerance, while at the same time not imposing any extra charge for those persons with another medical condition. This is the essence of intentional discrimination." (Dkt 47, ¶197)

and (3) outright false statements, contradicted by Plaintiffs' own allegations throughout the FAC:

- Defendants accommodate other customers' dietary preferences and allergies free of charge *but impose a surcharge only on persons with lactose intolerance*." (Dkt. 47, ¶194) (emphasis added).

None of these allegations save Plaintiffs' Unruh Act claims from dismissal. First, as Plaintiffs acknowledge throughout their FAC, Burton's non-dairy pricing policy applies to *all* non-dairy drinks and equally to *all* Burton customers. It is not customer specific. It is not "disability" specific. Contrary to Plaintiffs' assertion that Burton unlawfully favors customers with diabetes or heart conditions, if a customer with either condition orders any drink with an alternative milk option, they will be charged the exact same price as any other customer, including those with lactose intolerance or milk allergies. The *Munoz* Court, considering this exact scenario, outright rejected that such any such neutral pricing policy could support a claim for intentional discrimination. *Munoz*, *supra*, at *5 ("Given the variety of reasons unrelated to any medical disability for which one may order non-dairy alternative milk, Plaintiff has failed to make the necessary showing that Defendant acted with specific intent to discriminate against those with lactose intolerance or milk allergies in charging a higher price for such drinks"), *citing Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 426 (9th Cir. 2014) (bare assertions of "intentional" discrimination "fail to establish even a minimal showing of intentional discrimination and are belied by the record").

With respect to Plaintiffs' other "allegations" related to intentional conduct, Plaintiffs offer nothing more than labels and conclusions and a "formulaic recitation" of the cause of action, which is insufficient under Rule 12(b)(6) and requires a Court to dismiss under *Twombly*. *Twombly*, 550 U.S. at 545.

**Gordon Rees Scully Mansukhani, LLP**
3 Park Center Drive, Suite 200
Sacramento, CA 95825

#### F. **Plaintiffs Fail To State A Claim for Unjust Enrichment.**

Plaintiffs' last cause of action is one for unjust enrichment seeking $5 million dollars in damages on the basis that Burton "should not be allowed to collect a surcharge in exchange for providing Plaintiffs with non-dairy alternatives such as lactose-free milk." (Dkt. 47, ¶264)  To state a cause of action for unjust enrichment, Plaintiffs must show that they conferred a "benefit" on defendants and that it would be unjust for defendants to retain that benefit.". *Oregon Laborers-Employes Health & Welfare Trust Fund v. Philip Morris*, 185 F.3d 957, 968 (9th Cir.1999), *citing Disabled Rts. Action Comm. v. Santa Fe Gaming Corp*., 32 F. App'x 820 (9th Cir. 2002).

Here, Plaintiffs'' unjust enrichment claims are based solely on the same allegations as their ADA and California Unruh Civil Rights Act claims—that Defendants enriched themselves at the expense of Plaintiffs by the purported unlawful surcharge. But, for the reasons outlined above, Defendants' pricing policy does not constitute a discriminatory surcharge under the ADA and there is no wrongful conduct for which Plaintiff could base such claim. *See Munoz*, *supra*, at *6.

### IV. THE COURT SHOULD DENY LEAVE TO AMEND

Plaintiffs filed the FAC following Defendant Dunkin's Motion to Dismiss, the Court's Order outlining the deficiencies in their claims, and with the additional benefit of the *Munoz* Court's order granting the defendant's (Peets Coffee) motion to dismiss – a case that involves virtually identical allegations in support of the same causes of actions.  There is no plausible justification for Plaintiffs' failure to cure the deficiencies before filing the FAC. This failure alone supports denying Plaintiffs' request for further amendment. *See Quantum Labs, Inc. v. Maxim Integrated Prods.*, No. 18-cv-07598-BLF, 2019 U.S. DIST. LEXIS 199579, at *20, n.6 (denying leave to amend given that plaintiffs were fully aware of the deficiencies, had the opportunity to correct the deficiencies, and failed to do so); *Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.", *quoting DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

In addition, for all the reasons outlined above, most notably Plaintiffs' admissions in the FAC that Burton charges all customers the same price for non-dairy alternatives (admissions that

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

defeat any plausibility as to the other self-servicing allegations), any amendment would be futile under the clear language of Title III and relevant case law. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.")

## V.   CONCLUSION

For all of these reasons, the Court should grant Burton's motion and dismiss this action in its entirety with prejudice.

Dated: February 26, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Mark S. Posard
Attorneys for Defendant Burton Restaurants, LLC