1  MARK S. POSARD (SBN: 208790)
   GORDON REES SCULLY MANSUKHANI, LLP
2  3 Park Center Drive, Suite 200
   Sacramento, CA 95825
3  Telephone: (916) 565-2900
   Facsimile: (916) 920-4402
4  mposard@grsm.com

5  Attorneys for Defendants
   **BURTON RESTAURANTS, LLC**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHELSEA GARLAND, TONYA HUGHES, NATASHA HERNANDEZ, GEANEEN COJOM, ARSENIO PELAYO, ALBERT FITCH, PAULEEN MARA, LORA PREMO, URCELINA MEDEIROS, RUBY SMITH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUNKIN DONUTS FRANCHISING, LLC, 6201 HOLLYWOOD DONUTS LLC, BURTON RESTAURANTS, LLC, RW OAKLAND LLC, MADISON FOOD MANAGEMENT, LLC, GOLDEN GATE RESTAURANT GROUP, LLC,<br><br>Defendants. | Case No. 3:23-CV-06621-SI<br><br>**DEFENDANT'S BURTON RESTAURANTS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: May 9, 2025<br>Time: 10:00 a.m. PT<br>Location: San Francisco Courthouse<br>Courtroom 1 – 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Action filed: December 26, 2023<br>FAC filed: December 11, 2024 |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................... 5

    A. Plaintiffs Have Not Plead They Are Disabled Under the ADA. ............................... 5

    B. The ADA Does Not Regulate the Pricing of Goods or Services. ............................ 6

    C. Defendants Do Not Impose an Unlawful "Surcharge" ............................................ 6

    D. Plaintiffs Have Not Been Denied A "Like Experience" .......................................... 9

    E. Plaintiffs Fail To Plead Intentional Discrimination Under the Unruh Act. ............ 10

    F. Plaintiffs Fail To State A Claim for Unjust Enrichment. ........................................ 10

    G. Plaintiffs Should Not Be Permitted to Amend. ....................................................... 11

II. CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Macy's, Inc.*,
  943 F. Supp. 2d 531 (W.D. Pa. 2013) .................................................................................. 7

*Baughman v. Walt Disney World Co.*,
  685 F.3d 1131 (9th Cir. 2012) .............................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 11, 12

*Bower v. Global Orange Dev., LLC*,
  Case No. 1:24-cv-631 (W.D. Mich. Dec. 16, 2024) .......................................................... 5, 8

*Chaffin, et al. v. International Coffee & Tea, LLC*,
  No. 2:24-cv-03132-GW-SK (C.D. Cal. Jan. 16, 2025) ...................................................... 5, 8

*Dare v. Co.*,
  191 F.3d 1167 (9th Cir.1999) ............................................................................................ 7, 8

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) .............................................................................................. 12

*Disabled Rts. Action Comm. v. Santa Fe Gaming Corp.*,
  32 F. App'x 820 (9th Cir. 2002) ......................................................................................... 11

*Doe v. Mut. of Omaha Ins. Co.*,
  179 F.3d 557 (7th Cir. 1999) ................................................................................................ 6

*Fortyune v. American Multi–Cinema, Inc.*,
  364 F.3d 1075 (9th Cir. 2004) ............................................................................................ 10

*Fraser v. Goodale*,
  342 F.3d 1032 (9th Cir 2023) ............................................................................................... 6

*Griffin v. United Parcel Serv., Inc.*
  661 F.3d 216 (5th Cir. 2011) ................................................................................................ 6

*Ismail v. Cnty. of Orange*,
  917 F. Supp. 2d 1060 (C.D. Cal. 2012) .............................................................................. 11

*Martinez v. Cot'n Wash, Inc.*,
  81 Cal. App. 5th 1026 (2022), review denied (Nov. 9, 2022) ............................................ 10

*McNeil v. Time Ins. Co.*,
  205 F.3d 179 (5th Cir. 2000) ................................................................................................ 6

*Munoz v. Peets Coffee, Inc.*,
  Case No. 24-cv-01764-JST (N.D. Cal. Nov. 5, 2024) .......................................................... 5, 7

*Oregon Laborers-Employes Health & Welfare Trust Fund v. Philip Morris*,
  185 F.3d 957 (9th Cir.1999) ............................................................................................... 11

*Oregon Paralyzed Veterans of America (OPVA) v. Regal Cinemas, Inc.*,
  339 F.3d 1126 (9th Cir. 2003) ............................................................................................ 10

*Phillips v. P.F. Change's China Bistro*
  No. 5:15-CV-00344-RMW, 2015 WL 7429497 (N.D. Cal. Nov. 23, 2025) ........................... 7

*Quantum Labs, Inc. v. Maxim Integrated Prods.*,
  No. 18-cv-07598-BLF, 2019 U.S. DIST. LEXIS 199579 ..................................................... 11

*Vazquez v. Loredo Transit Management, Inc.*,
  2007 WL 2363152 (S.D. Tex. Aug. 16, 2007) ....................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 12

**Regulations**

28 C.F.R. § 36.311(b)(1) .................................................................................................................. 9

-4-
DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
CASE NO. 3:23-CV-06621-SI

## I. INTRODUCTION

Defendant Burton Restaurants, LLC's ("Burton") Motion to Dismiss Plaintiff's First Amended Complaint (Dkt 71) demonstrated why each of Plaintiff's unsupported legal theories fail as a matter of law. Plaintiff's Opposition does nothiAng more than repeat these same unsupported and demonstrably false allegations, continuing to hinge their claims on the same arguments Plaintiff's Counsel has raised in three nearly identical cases, all of which have been outright rejected by these same federal courts. *Munoz v. Peets Coffee, Inc.*, Case No. 24-cv-01764-JST (N.D. Cal. Nov. 5, 2024) (Exhibit A), *Bower v. Global Orange Dev., LLC*, Case No. 1:24-cv-631 (W.D. Mich. Dec. 16, 2024) (Exhibit B), and *Chaffin, et al. v. International Coffee & Tea, LLC*, No. 2:24-cv-03132-GW-SK (C.D. Cal. Jan. 16, 2025) (Exhibit C).

As set forth more fully below, and in its Motion to Dismiss, the Court should dismiss this lawsuit with prejudice and without leave to amend, as there are no amendments capable of salvaging Plaintiffs' claims which fail under the plain language of the ADA and well-settled case law.

### A. Plaintiffs Have Not Plead They Are Disabled Under the ADA.

Plaintiffs claim that they have sufficiently pled a disability under the ADA by summarily stating, "lactose intolerance is a disability that impairs the major life activity of digestion, and Plaintiffs have alleged that they are disabled under the ADA." (Dkt 82, p. 4) They further assert that their self-serving statements about their dairy intolerance purportedly leading to "stomach pain, cramping, bloating, bowel irregularities, nausea and fatigue" are sufficient because, according to Plaintiffs, an "impairment does not need to result in a severe, life-threatening reaction to be considered a disability." (Dkt 82, pp. 4-5) This is, at best, a gross misunderstanding of the ADA and well-established legal authority or, at worst, a misguided hope that the parties and Court ignore both.

First, Defendant does not dispute Plaintiffs' statement that the ADA does not require a "severe or life-threatening" medical issue, but it does require one that "substantially limits" a major life activity. Defendant also does not dispute that eating is a major life activity, but that is not Plaintiffs' argument in this case – their argument is that eating *lactose*, not just eating, is the major

-5-
DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
CASE NO. 3:23-CV-06621-SI

1  life activity. Courts evaluating similar claims have unequivocally reached the same result – the ADA still requires a showing of substantial limitation, and such showing requires more than mere inconvenience. The Ninth Circuit, by way of example in *Fraser v. Goodale*, 342 F.3d 1032 (9th Cir 2023) stated that "if a person is impaired only from eating chocolate cake, he is not limited in a major life activity because eating chocolate cake is not a major life activity." *Id.* at 1040. The Court further noted that, "simply differing from the average person" is "patently insufficient for a substantial limitation." *Id.* Courts are required to carefully distinguish between those with dietary restrictions and those who are truly disabled. *Id. see also Vazquez v. Loredo Transit Management, Inc.*, 2007 WL 2363152 (S.D. Tex. Aug. 16, 2007) (dismissing argument that any modification to a plaintiff's diet equates to a disability under the ADA and noting, many "eating-related impairments" including diabetes, lactose intolerance, and food allergies would be improperly recognized as a disability); *Griffin v. United Parcel Serv., Inc.* 661 F.3d 216, 223 (5th Cir. 2011) (improper to equate modest dietary measures to disability).

### B.   The ADA Does Not Regulate the Pricing of Goods or Services.

As outlined in Burton's Motion to Dismiss, courts have consistently held that Title III of ADA regulates only access, not pricing, of goods and services at places of public accommodation. *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) (stating it "is hardly a feasible judicial function to decide" whether a public accommodation must alter its inventory to include accessible or special goods "and if so at what price[.]"), *McNeil v. Time Ins. Co.*, 205 F.3d 179, 187 (5th Cir. 2000) ("to suggest that the disabled must be able to enjoy every good and service offered to the same and identical extent as those who are not disabled" is a reading, "plainly unrealistic, and surely unintended, because it makes an unattainable demand."). Plaintiffs' Opposition offers no rebuttal to this well-settled precedent and instead makes the same misplaced argument that because Burton offers caffeine and sugar-free drinks without a surcharge, "it must also do so for lactose intolerant customers with milk allergies as well." (Dkt 82, p. 7). There is no authority for such finding.

### C.   Defendants Do Not Impose an Unlawful "Surcharge"

Plaintiffs echo in their Opposition the same copy-and-paste rhetoric from their First

1  Amended Complaint, summarily claiming that Burton "imposes an improper discriminatory
2  surcharge targeted at disabled customers." (Dkt 82, p. 8)  Ignoring the Ninth Circuit's decision in
3  *Dare*, which lays out the two-part test for evaluating whether a fee is an unlawful surcharge under
4  the ADA, Plaintiffs instead rely on *Phillips v. P.F. Change's China Bistro* (No. 5:15-CV-00344-
5  RMW, 2015 WL 7429497 (N.D. Cal. Nov. 23, 2025), which is both irrelevant (as it ignores *Dare*)
6  and distinguishable.

7  To evaluate whether a fee constitutes an unlawful surcharge under the ADA, courts must
8  consider two factors: (1) whether the fee is required for a measure mandated by the ADA; and (2)
9  whether the price increase or fee is one that "nondisabled people would not incur." *Anderson v.
10 Macy's, Inc.*, 943 F. Supp. 2d 531, 545 (W.D. Pa. 2013) (*citing Dare v. Co.*, 191 F.3d 1167, 1171
11 (9th Cir.1999). "If nondisabled people pay the same fee for an equivalent service, the charge to
12 disabled people would not constitute a surcharge on a 'required' measure."  *Id.* Where a measure
13 is "not required under the ADA, the inquiry ends." *Id.*; *see also Anderson*, 943 F. Supp. 2d at 546
14 (finding first prong was not met because defendant was not required to carry the particular product).
15 Burton has already established, and Plaintiffs concede, that the ADA does not require that Burton
16 or any other establishment offer dairy-free alternatives. Accordingly, Plaintiffs' surcharge claim
17 fails at this first prong.

18 Plaintiffs' claims also fail the second prong required by *Dare* because they do not allege
19 that ***only*** those with lactose intolerance or milk allergies are charged the increased pricing for drinks
20 made with non-dairy alternatives. (Dkt. 47, ¶5) They also do not dispute that the prices that Burton
21 charges for drinks with non-dairy alternatives apply to *all* customers, regardless of whether those
22 customers have lactose intolerance or milk allergies. (Dkt. 47, ¶5) Under *Dare*, this is not an
23 unlawful surcharge. *Dare*, 191 F.3d at 1171 ("[i]f nondisabled people pay the same fee for an
24 equivalent service, the charge to disabled people does not constitute a surcharge.").  The Northern
25 District Court in the *Munoz* case (a virtually identical case brought by Plaintiffs' counsel against
26 Peets Coffee), relying on *Dare*, reached the same result. *Munoz*, *supra*, at *3 (finding no surcharge
27 on individuals with lactose intolerance or milk allergies where anyone who orders a drink made
28 with a non-dairy alternative is charged the same price, noting customers order such alternatives

-7-
DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
CASE NO. 3:23-CV-06621-SI

"for reasons unrelated to having a medical condition—including personal preference.").

Plaintiffs' reliance on *Phillips* does not change this result. Unlike P.F. Chang's, which had a separate "gluten-free" menu listing gluten-free food items and prices (including higher prices than the exact same items listed on the standard menus), Burton does have a separate 'dairy-free' menu" for customers who are lactose-intolerant, nor does it direct customers to a separate menu crated solely for those with allergies or intolerances. Burton has one menu for all customers listing all food and drink offerings and their respective prices, including the drinks made with both dairy and non-dairy alternatives. The other federal courts considering these same arguments have also found *Phillips* inapplicable.

On January 16, 2025, in *Chaffin, et al. v. International Coffee & Tea, LLC*, No. 2:24-cv-03132-GW-SK (C.D. Cal. Jan. 16, 2025), the Central District of California granted a motion to dismiss, finding that the additional charge for drinks made with non-dairy alternatives did not constitute an unlawful surcharge under ADA because the complaint alleged that the defendant charged "all customers" the additional amount for plant-based milk. Exhibit C at 8. The court further concluded that *Phillips* did not apply because (1) the decision did not consider the holding in *Dare* which applies in the Ninth Circuit, and (2) the *Phillip* court was considering materially different facts that were distinguishable. Exhibit C at 10.

Similarly, in *Bower v. Global Orange Dev., LLC*, Case No. 1:24-cv-631 (W.D. Mich. Dec. 16, 2024), plaintiffs raised nearly identical claims against Defendant Biggby Coffee. The Western District of Michigan granted the defendant's motion to dismiss, relying on the Ninth Circuit's decision in *Dare*, and explicitly rejecting reliance on *Phillips*, found that Biggby's pricing policy did not constitute an illegal surcharge. The court ruled that Bower's claim failed under the first prong of the *Dare* test because Biggby was not required under ADA Title III to provide customers with drinks using non-dairy alternatives. Exhibit B at 5. And that Plaintiffs claims failed under the second prong of *Dare* because defendant "does not impose higher pricing only on customers with disabilities." Exhibit B at 5-6. "So long as Biggby charges the same price for all customers, which it does, the pricing scheme does not violate the ADA." *Id.* at 6.

These decisions support a finding that charging all customers the same price for coffee

-8-

1  drinks made with non-dairy milk, cannot possibly constitute an illegal "surcharge." Burton does
2  not impose an unlawful as a matter of law and Plaintiffs claims must be dismissed.

### D. Plaintiffs Have Not Been Denied A "Like Experience"

Plaintiffs argue that Burton's pricing policy - offering all customers who order drinks with non-dairy milk the same price - deprive Plaintiffs from having a "like experience" as other customers under the ADA. Plaintiffs' claims fail because, as established above, (1) Title III does not regulate pricing, and (2) the modification requested – requiring Burton charge less for drinks made with non-dairy alternative milks – is not necessary to provide Plaintiffs with a "like experience." There is simply no authority for Plaintiffs argument to the contrary.

Plaintiffs' Opposition relies on *Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012) in support of their "like experience" claim. In *Baughman*, the plaintiff asked Disney to modify its policy of only allowing wheelchairs and scooters in its amusement parks so that she could use a Segway. She argued that use of the Segway would make it "easier for her to visit Disneyland's many attractions, concessions and facilities." *Id.* at 1132, 1135. The Ninth Circuit found plaintiff's requested modification for park access consistent with its case law, noting that if, by allowing plaintiff to use her Segway in Disney's amusement parks, Disney "can make Baughman's experience less onerous and more akin to that enjoyed by its able-bodied patrons, it must take reasonable steps to do so." *Id.* at 1135–36. Critically, the Ninth Circuit recognized that allowing disabled customers to use Segways in order to create a like experience "is supported by regulations" promulgated by the Department of Justice, which identify mobility devices and provide that public accommodations must reasonably accommodate the use of power-driven devices such as Segways. *Id.* at 1136 (quoting 28 C.F.R. § 36.311(b)(1) and stating "[t]he regulation discusses Segways at length, concluding 'that in the vast majority of circumstances' public accommodations will have to admit them"). This is drastically different that the guidance provided under Title III. The DOJ's Title III regulations, appendix commentary, and Technical Assistance Manual all support a determination that Burton is ***not*** required to modify the prices it charges for the drinks for Plaintiffs to have a "like experience." There is no authority, regulations or otherwise, that dictate the prices an establishment must charge for goods and services. The ADA does not

require – and was never intended to require – such a result.

The two others cases cited in Plaintiffs' Opposition – *Fortyune v. American Multi–Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004) and *Oregon Paralyzed Veterans of America (OPVA) v. Regal Cinemas, Inc.*, 339 F.3d 1126, 1133 (9th Cir. 2003) – both of which are discussed in Baughman – do not support Plaintiffs' "like experience" argument either. Those cases focused on access to a public accommodation, not pricing. *See Fortyune*, 364 F.3d at 1085 (recognizing that a movie theater is required to provide access to wheelchair seating for a disabled customer next to companion as "moviegoers expect to sit with their friends and family during the show; their enjoyment is diminished if they are forced to sit apart"); *OPVA*, 339 F.3d at 1133 (finding no like experience where wheelchair seating is provided only in the front rows of theater while non-disabled patrons [had] a wide range of comfortable viewing locations from which to choose").

Plaintiffs undisputedly have access to the Dunkin locations they visited, and they admittedly are not raising concerns here about access. Plaintiffs' claims implicate pricing, not access, which Title III does not regulate.

### E. Plaintiffs Fail To Plead Intentional Discrimination Under the Unruh Act.

Plaintiffs' Opposition does not address their failure to allege intentional discrimination as required by the Unruh Act. Plaintiffs argue only that their Unruh Act claim is viable because it relates to the alleged violations under the ADA. But, to plead an Unruh Act claim, Plaintiffs must allege *intentional* discrimination. This requires specific allegations of, "willful, affirmative misconduct with the specific intent to accomplish discrimination on the basis of [a protected trait]." *Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036, (2022), review denied (Nov. 9, 2022). For all the reasons outlined in Burton's Motion to Dismiss, Plaintiffs cannot state an intentional discrimination claim based on allegations that lactose-intolerant customers were treated differently than persons with other disabilities.

### F. Plaintiffs Fail To State A Claim for Unjust Enrichment.

Burton moved to dismiss Plaintiffs' unjust enrichment claim seeking $5 million dollars in damages on the basis that Plaintiffs did not allege, nor could they establish, that Burton was conferred a benefit that would be unjust for it to retain. Plaintiff's First Amended Complaint states

only that Burton "should not be allowed to collect a surcharge in exchange for providing Plaintiffs with non-dairy alternatives such as lactose-free milk." (Dkt. 47, ¶264) To state a cause of action for unjust enrichment, Plaintiffs are required to show that they conferred a "benefit" on defendants and that it would be unjust for defendants to retain that benefit.". *Oregon Laborers-Employes Health & Welfare Trust Fund v. Philip Morris*, 185 F.3d 957, 968 (9th Cir.1999), *citing Disabled Rts. Action Comm. v. Santa Fe Gaming Corp*., 32 F. App'x 820 (9th Cir. 2002).

Plaintiffs' Opposition completely ignores this pleading requirement, and simply recites the legal standard claiming, Burton "enriched itself at the expense of Plaintiffs." These are the exact type of "allegations" that *Twombly* and its progeny have rejected. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Plaintiffs must plead "more than a sheer possibility that a defendant has acted unlawfully" and "more than labels and conclusions." *Id.* at 555.

### G.   Plaintiffs Should Not Be Permitted to Amend.

Plaintiffs argue they should be permitted to amend because the Court, "only previously ruled on Plaintiffs' factual allegations with respect to Dunkin Donuts LLC instead of with respect to the current Defendant." This contention is both confusing and irrelevant. First, Plaintiffs factual allegations are not unique to the claims against Burton. All the allegations relevant to this Motion – primarily relating to Plaintiffs' alleged lactose intolerance – are unquestionably *not* specific to Burton. These are the same allegations that Plaintiffs have been permitted to amend both here and in numerous other matters, and to which they had all the available information at the time they filed both the original and amended complaint. These are the same allegations, related to the same legal arguments, related to the same causes of action, all raised against similar defendants in the same type of class action. Plaintiffs been afforded multiple opportunities to amend these same claims in multiple venues in front of multiple judges, all of which have been dismissed. There is no plausible justification for further amendment here. *See Quantum Labs, Inc. v. Maxim Integrated Prods.*, No. 18-cv-07598-BLF, 2019 U.S. DIST. LEXIS 199579, at *20, n.6 (denying leave to amend given that plaintiffs were fully aware of the deficiencies, had the opportunity to correct the deficiencies, and failed to do so); *Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over amendments is especially broad 'where the court has already given

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

a plaintiff one or more opportunities to amend his complaint.", *quoting DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

## II. CONCLUSION

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs are required to allege, at a minimum, "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than labels and conclusions" which is the only thing Plaintiffs have offered in this lawsuit. For all of the reasons herein, and in Burton's Motion to Dismiss, the Court should grant Burton's motion and dismiss this action in its entirety with prejudice.

Dated: April 2, 2025                                     GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Mark Posard
Attorneys for Defendant Burton Restaurants, LLC