Brian K. Keeley (SBN No. 211605)
JACKSON LEWIS P.C.
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone (206) 802-3802
Brian.Keeley@jacksonlewis.com

Counsel for Defendants
6201 Hollywood Donuts LLC and
RW Oakland LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA GARLAND, TONYA HUGHES, NATASHA HERNANDEZ, GEANEEN COJOM, ARSENIO PELAYO, ALBERT FITCH, PAULEEN MARA, LORA PREMO, URCELINA MEDEIROS, RUBY SMITH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DUNKIN DONUTS FRANCHISING, LLC, 6201 HOLLYWOOD DONUTS LLC, BURTON RESTAURANTS, LLC, RW OAKLAND LLC, MADISON FOOD MANAGEMENT, LLC, GOLDEN RESTAURANT GROUP, LLC,<br><br>Defendants. | Case No. 3:23-CV-06621-SI<br><br>[Assigned to the Honorable Susan Illston]<br><br>**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)**<br><br>**Noted for Hearing**:<br><br>**Judge:** Hon. Susan Illston<br>**Date:** April 18, 2025<br>**Time:** 10:00 a.m. PT<br>**Location:** San Francisco Courthouse<br>Courtroom 1 – 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Action Filed: December 26, 2023<br>FAC Filed: December 11, 2024 |

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)**
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. LEGAL ARGUMENT .............................................................................................. 2

    A. **Plaintiffs Fail to Allege That They Visited Defendants' Locations** ................ 2

    B. **Plaintiffs Are Not Disabled Within the Meaning of the ADA and Do Not Plausibly Allege as Much** ................................................................................ 3

    C. **Defendants Did Not Deny Plaintiffs a Public Accommodation** ...................... 5

    D. **Plaintiffs' Claims Are Moot** ............................................................................ 10

    E. **Plaintiffs' Claim of Intentional Discrimination Fails** ..................................... 11

    F. **Plaintiffs Fail to State a Claim of Unjust Enrichment or Restitution** ........... 12

IV. CONCLUSION ....................................................................................................... 13

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)**
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
　556 U.S. at 663 (2009) ................................................................................................................3

*Dare v. California*,
　191 F.3d 1167 (9th Cir. 1999) ................................................................................................7, 8

*Fraser v. Goodale*,
　342 F.3d 1032 (9th Cir. 2003) ......................................................................................................5

*Hebert v. CEC Entm't, Inc.*,
　2016 WL 5003952 (W.D.La. 2016) ............................................................................................4

*Hubbard v. Miandmo Invs. LLC*,
　2021 U.S. Dist. LEXIS 121344 (C.D. Cal. 2021) .....................................................................10

*Munoz v. Peets Coffee, Inc.*,
　2024 U.S. Dist. LEXIS 201361 (N.D.Cal. 2024) ...............................................6, 7, 8, 9, 10, 11

*Phillips v. P.F. Chang's China Bistro, Inc.*,
　2015 U.S. Dist. LEXIS 159474 (N.D.Cal. Nov. 23, 2015) ...............................................5, 6, 12

**California Cases**

*Harris v. Adams*,
　2020 WL 5835149 (Cal. Ct. App., Oct. 1, 2020) ........................................................................4

*Peterson v. Cellco P'ship*,
　164 Cal. App. 4th 1583 (2008) ..................................................................................................12

**Federal Statutes**

42 U.S.C.
　§ 12010 .........................................................................................................................................1
　§ 12102 .........................................................................................................................................3

**California Statutes**

Cal. Civ. Code
　§ 51 ..........................................................................................................................1, 2, 4, 5, 11

**Other Authorities**

28 C.F.R. § 35.130 ...........................................................................................................................7

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)**
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

28 C.F.R. § 36.301 ..................................................................................................................8

28 C.F.R. § 36.307 ..................................................................................................................8

28 C.F.R. § 36.307 ..................................................................................................................8

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)**
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the present matter, Plaintiffs claim that Defendants 6201 Hollywood Donuts LLC ("Hollywood") and RW Oakland LLC ("Oakland") (collectively, "Defendants") have violated Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12010 (1990) ("ADA" or "Title III") and the Unruh Act, Cal. Civ. Code § 51 et seq., because they impose charges for non-dairy milks such as almond milk, oat milk, or soy milk ("Non-Dairy Alternatives") and offer cow's milk ("Dairy Milk") for free, in addition to a claim for unjust enrichment.

As a threshold matter, Plaintiffs do not allege that they ever visited either of Defendants' locations. Accurately identifying the defendant against whom claims are asserted is the most basic step in filing a lawsuit, and Plaintiffs have failed spectacularly in this regard.

Plaintiffs do not allege that they are substantially limited in any major life activity; rather, they simply claim that their lactose intolerance "impacts" the major life activities of eating and digestion. A condition that merely "impacts" a major life activity does not qualify as a disability; moreover, consuming Dairy Milk is not a major life activity. For this reason alone, Plaintiffs are not disabled and have not stated a claim upon which relief may be granted.

In arguing that Defendants denied Plaintiffs a reasonable accommodation, Plaintiffs claim that Defendants imposed an unlawful surcharge targeted at disabled customers, despite the fact that Defendants charge the same amount for Non-Dairy Alternatives to all who order them. In making this argument, Plaintiffs ignore Ninth Circuit precedent and a case with virtually identical facts to those of the present matter that unequivocally held that an across-the-board charge for Non-Dairy Alternatives is not an unlawful surcharge.

Plaintiffs also argue that Defendants' failure to provide Non-Dairy Alternatives at the same price as Dairy Milk precluded them from enjoying a like experience to non-disabled individuals. The ADA only regulates access to a place of public accommodation and its goods and services: it does not regulate the goods and services themselves and certainly does not regulate the prices of these items.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 1
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Additionally, Plaintiff's Title III claims are now moot as there are no existing effects of any alleged violation of Title III as Dunkin locations, including those operated by Defendants, no longer charge an additional amount for Non-Dairy Alternatives.

As Plaintiffs have failed to state a claim under the ADA, and as Plaintiffs have not identified any intentional acts of discrimination on the part of Defendants, Plaintiffs' Unruh Act claim is also subject to dismissal.

Finally, Plaintiffs' claim for a disgorgement of profits for unjust enrichment or restitution cannot be sustained. Plaintiffs received the benefit of the bargain, so there was no unjust enrichment. Restitution is an equitable remedy, which is inappropriate when adequate remedies exist at law, which Plaintiffs have explicitly requested.

As discussed more fully herein, the Amended Complaint should be dismissed in its entirety as these deficiencies preclude the Amended Complaint from stating a claim upon which relief may be granted.

## II.    LEGAL ARGUMENT

### A. Plaintiffs Fail to Allege That They Visited Defendants' Locations

Plaintiffs do not allege that they ever visited either of Defendants' locations, either in the Amended Complaint or in their Opposition to Defendants' Motion to Dismiss.[1] As noted in Defendants' Motion to Dismiss, none of the Plaintiffs allege that they interacted with any barista/server at the location operated by 6201 Hollywood or RW Oakland, that they asked any barista/server at the location operated by 6201 Hollywood or RW Oakland to waive a charge for Non-Dairy Alternatives, that they consumed Dunkin Donuts crafted coffee beverages at the location operated by 6201 Hollywood or RW Oakland, or that they ever paid a higher price for

---

[1] Plaintiffs include a footnote in the Opposition in which they request that they be permitted to amend the Complaint "to the extent that the Court believes Plaintiffs must specifically spell out that they visited the franchisees' stores." Docket No. 83, p.3 n.3. Defendants oppose this request. Counsel for Defendants repeatedly made counsel for Plaintiffs aware of the fact that Plaintiffs have failed to allege in the Amended Complaint that they visited Defendants' locations, and requested that Plaintiffs either amend the Amended Complaint or dismiss Defendants from the lawsuit. Plaintiffs refused to do either, thereby necessitating a costly and time-consuming Motion to Dismiss from Defendants.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's**
**Reply in Support of Motion to Dismiss Pursuant to Fed. R.**
**Civ. P 12(b)(6)** - 2
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1   Non-Dairy Alternatives at the location operated by 6201 Hollywood or RW Oakland.

2         In their Opposition to Defendants' Motion to Dismiss, Plaintiffs merely state that Plaintiffs
3   Garland, Hernandez, and Cojum visited Dunkin locations in the state of California and that this
4   encompasses the location operated by 6201 Hollywood and that Plaintiff Hughes visited a Dunkin
5   location in Alameda County, the county where the location operated by RW Oakland is located.
6   (Pl's Memo in Opp., p. 8, Docket No. 83). This logic is backward. Had Plaintiffs Garland,
7   Hernandez, and Cojum alleged that they visited the location operated at 6201 Hollywood, they
8   could argue that they have adequately alleged that they visited a location in the state of California,
9   and if Plaintiff Hughes claimed that she visited the location at RW Oakland, she could assert that
10  she visited a Dunkin location in Alameda County. The reverse is not true. The mere fact that an
11  individual visited a location in California does not mean that individual visited every location in
12  California or a specific location in California. Similarly, an allegation that a plaintiff visited a
13  location in Alameda County does not equate to an allegation that the plaintiff visited every location
14  in Alameda County or a specific location in Alameda County.

15        In no way do these vague allegations permit the "inference that the defendant is liable for
16  the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 663 (emphasis added). It is axiomatic that
17  if Plaintiffs cannot even affirmatively state that they visited either of Defendants' locations, they
18  cannot possibly state a claim against them. The plain truth is that the Amended Complaint is devoid
19  of any allegation that any Plaintiff visited either of Defendants' locations, and Plaintiffs' attempt
20  to save their claims by claiming that they visited other, non-specific Dunkin locations falls flat. As
21  such Plaintiffs' claims against Defendants must be dismissed.

### B. **Plaintiffs Are Not Disabled Within the Meaning of the ADA and Do Not Plausibly Allege as Much**

24        Plaintiffs acknowledge that Title III of the Americans with Disabilities Act of 1990 defines
25  "disability" as "(A) a physical or mental impairment that *substantially limits* one or more of the
26  *major life activities* . . ." 42 U.S.C. § 12102(1)(emphasis added). However, Plaintiffs utterly fail
27  to even allege that their alleged "impairment"—lactose intolerance—*substantially limits* any

28  **6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 3
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

major life activity. Rather, they claim that their lactose intolerance "***impacts*** the major life activities of digestion, eating and drinking." (Pls.' Mem. in Opp. to Mot. to Dismiss, pp. 1, 6, Docket No. 23). At no point do they claim that their inability to digest Dairy Milk "substantially limits" any major life activity. This failure conclusively precludes Plaintiffs from stating a claim under the ADA.

Plaintiffs also fail to cite any case law in support of their allegation that lactose intolerance constitutes a disability under the ADA. Plaintiffs' claim that "a physical or mental impairment does not need to result in a severe, life-threatening reaction to be considered a disability. It is sufficient that the impairment limits a major life activity" blatantly contradicts the plain language of the ADA and is not supported by any legal authority. (Pls.' Mem. in Opp. to Mot. to Dismiss, p. 9, Docket No. 83). Indeed, Plaintiffs' only citation in support of this proposition is to a management bulletin published by the California Department of Education regarding school lunches. This does not overcome the plain language of the ADA or the Ninth Circuit case law to the contrary.

Plaintiffs' claim that "some courts have already found that lactose intolerance/dairy allergies are a disability under the ADA, as amended by the ADAAA, and that it impacts a major life activity" is patently false, and the cases Plaintiffs cite do not stand for this proposition and are also not binding on this Court. In fact, *Harris v. Adams*, 2020 WL 5835149 (Cal. Ct. App., Oct. 1, 2020), which is unpublished, involved a plaintiff suffering from irritable bowel syndrome who sued under the California Unruh Act; the court there affirmed the demurrer on the cause of action alleging violation of the Unruh Act based on a violation of the ADA. *Id.* at *11-12. Plaintiff had requested modifications to her meals based on "lactose intolerance" and the appellate court explained that "simply advising a restaurant that one is lactose intolerant does not provide notice that the person suffers from a qualifying disability." *Id.* This case in no way supports Plaintiffs' claim. Similarly, *Hebert v. CEC Entm't, Inc.*, 2016 WL 5003952 (W.D.La. 2016) involved a plaintiff with a dairy allergy that results in life threatening anaphylactic reaction; the case does not hold that bloating and stomach pain from consuming Dairy Milk is a disability under the ADA.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 4
(Case No. 3:23-CV-06621-SI)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

That Plaintiffs must resort to citing such cases demonstrates that there is no authority that actually supports their proposition. Plaintiffs have failed to allege that an intolerance to lactose "substantially limits" any major life activity, and have consequently failed to state a violation of the ADA or the Unruh Act.[2]

Plaintiffs have also failed to allege that consuming Dairy Milk is a "major life activity", as they must in order to state a claim under the ADA or the Unruh Act. As set forth in Defendants' Motion to Dismiss, eating or drinking or digesting a particular item is not a major life activity. *Fraser v. Goodale*, 342 F.3d 1032 (9th Cir. 2003). In *Fraser*, the Ninth Circuit held that an intolerance to a single food product is not a disability because consuming a single item is not a major life activity, but a severe allergy to a food may be a disability: "If a person is impaired only from eating chocolate cake, he is not limited in a major life activity ***because eating chocolate cake is not a major life activity***." *Id.* at 1040 (emphasis added). The *Fraser* court's chocolate cake intolerance example is merely that—an example. That the Fraser court did not specifically address Dairy Milk does not in any way diminish its point—that consumption of a single food item is not a major life activity and that an intolerance to a specific item—as opposed to an allergy—is not a disability.

As such, Plaintiffs have failed to state a claim under the ADA and dismissal of Plaintiffs' Amended Complaint is warranted.

**C. Defendants Did Not Deny Plaintiffs a Public Accommodation**

**1. The Pricing of Non-Dairy Alternatives Is Not an Unlawful Surcharge**

Plaintiffs rely heavily on *Phillips v. P.F. Chang's China Bistro, Inc.*, 2015 U.S. Dist. LEXIS 159474 (N.D.Cal. Nov. 23, 2015), incorrectly claiming that *Phillips* is "a case very similar to the one before this Court". As set forth below, the situation in *Phillips* is distinguishable in a significant way (the existence of a separate gluten-free menu), and the *Phillips* court did not apply

---

[2] Plaintiffs reference the alleged issues that Plaintiff Premo may suffer if she ingests Dairy Milk in Footnote 3. The Court should disregard this Footnote as Plaintiff Premo only claims to have visited Dunkin franchises in Colorado, not in California, where Defendants' stores are located. Plaintiff Premo's symptoms are irrelevant.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 5
(Case No. 3:23-CV-06621-SI)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

the relevant Ninth Circuit case law regarding unlawful surcharges. Tellingly, Plaintiffs ignore the most analogous case to that of the present matter—*Munoz v. Peets Coffee, Inc.*, 2024 U.S. Dist. LEXIS 201361 (N.D.Cal. 2024)—which properly distinguishes *Phillips* and held that an across-the-board charge for Non-Dairy Alternatives is not an unlawful surcharge and granted the defendant's Motion to Dismiss.

Notably, the *Munoz* case was brought by one of the plaintiffs in the present matter—Michelle Irwin—along with others, and asserted allegations virtually identical to those of the present matter: that the defendant discriminates against individuals with lactose intolerance or milk allergies by charging more for beverages made with non-dairy alternatives than those made with dairy milk, despite no additional labor or ingredient cost required.[3] *Id.* at *2. As such, the Northern District of California's holding in *Munoz*—that Peet's did not impose an unlawful surcharge on disabled customers and therefore did not violate the ADA—is directly on point and is much more relevant than that in *Phillips*.

In *Phillips,* the plaintiff "allege[d] that P.F. Chang's discriminated against her and other guests with celiac disease or a gluten allergy or intolerance by charging $1.00 more for some gluten-free menu items than for comparable non-gluten-free menu items." 2015 U.S. Dist. LEXIS 159474 at *1. The court in *Phillips* relied on the plaintiff's allegation that P.F. Chang's "created an entirely separate—and higher priced—gluten-free menu targeted to persons with celiac disease" and that it "direct[ed] customers with celiac disease to the gluten-free menu rather than offering to make modifications for celiac customers the way Defendant does for other customers." *Id.* at *4.

Unlike in *Phillips*, the *Munoz* plaintiffs did not allege that Peet's has an entirely separate and more expensive "dairy-free" menu that contains identical items as those on its regular menu, including those items that are naturally dairy-free, such as black coffee or plain tea. 2024 U.S. Dist. LEXIS 201361, *10. The *Munoz* plaintiffs have similarly not alleged that Peet's directs customers with lactose intolerance or milk allergies to the more expensive menu items that include

---

[3] The attorneys representing the plaintiffs in *Munoz* also represent Plaintiffs in the present matter.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's
Reply in Support of Motion to Dismiss Pursuant to Fed. R.
Civ. P 12(b)(6)** - 6
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

non-dairy alternatives. *Id.*

The *Munoz* court then held that:

> Peet's thus does not impose a surcharge on individuals with lactose intolerance or milk allergies, but rather on anyone who orders a drink made with a non-dairy alternative, which can be ordered for reasons unrelated to having a medical condition—including personal preference.

*Id.* (citing *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 546-47 (W.D. Pa. 2013)

The same is true in the present matter. **Plaintiffs concede, and affirmatively allege, that Defendants impose a fee for Non-Dairy Alternatives on <u>all</u> customers, not just individuals who are lactose intolerant.** Am. Compl. ¶134-135. As set forth in Defendants' Motion to Dismiss, because the fee is charged to all individuals regardless of disability status, the fee is not an impermissible "surcharge" that is prohibited by the ADA under the two-part test set forth in *Dare v. California*, 191 F.3d 1167, 1171 (9th Cir. 1999). While *Dare* involved a Title II claim, the language of the surcharge provision is the same for Title II and Title III of the ADA.[4] Plaintiffs' assertion that "the clear language of Title II is not present in Title III" is simply wrong. The language in Title II and Title III prohibiting surcharges is virtually identical. Title II and Title III regulations explain that a public entity or public accommodation, respectively, may not impose a surcharge:

> on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.

28 C.F.R. § 35.130(f).

---

[4] Plaintiffs' attempt to distinguish *Dare* fails. Defendants agree with Plaintiffs that the meaningful access test does not apply in the case of "facial discrimination". No facial discrimination occurred in the present matter as the fee for Non-Dairy Alternatives applies across the board to all individuals who order Non-Dairy Alternatives, regardless of disability status.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 7
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

> on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.

28 C.F.R. § 36.301(c).

It is clear from the usage of the term "surcharge" in both Title II and Title III that the prohibition on the imposition of a surcharge applies only to charges imposed on individuals with disabilities and not on others. *Munoz*, 2024 U.S. Dist. LEXIS 201361 at *2. Indeed, the *Munoz* court relied heavily on *Dare* in holding that an additional charge for Non-Dairy Alternatives did not constitute an unlawful surcharge. The pricing of the Non-Dairy Alternatives, which is the same for all consumers, is not an unlawful surcharge and does not violate the ADA.

### 2. The ADA Does Not Regulate the Price of Goods

Plaintiffs cite *Karczweski,* 862 F.3d at 1014-15, for the proposition that "because Defendant already has non-dairy alternatives in its inventory, and it already takes special orders for customers without a surcharge (including modifying drinks to be caffeine-free, sugar-free, and to substitute various dairy milks), it must do so for lactose intolerant customers and customers with milk allergies as well."[5] Pls.' Mem. in Opp. to Mot. to Dismiss, pp.8-9 (Docket No.83). Plaintiffs' contention is incorrect.

The *Karczweski* court held that 28 C.F.R. § 36.307(a), which concerns when a business must "alter its inventory to include *accessible or special goods*" and 28 C.F.R. § 36.307(b), which creates an exception to the general rule by requiring that a "public accommodation shall *order* accessible or special goods" in some circumstances, pertain to the circumstances in which a business must order additional goods; it does not speak to Plaintiff's requested accommodation."[6]

---

[5] Plaintiffs' claim that Defendants will modify its regular beverage offerings to remove caffeine or remove sugar at no charge for individuals with disabilities is false. That Defendants offer certain products on its menu to all individuals—regardless of disability status—that may be more attractive to individuals with certain conditions does not in any way constitute a "special order".

[6] In *Karczweski,* the requested accommodation was the temporary modification of an item already in the defendant's inventory.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 8
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*Karczweski,* 862 F.3d at 1014 (emphasis in original). In the present matter, Plaintiffs are not claiming that Defendants must order accessible or special goods; Plaintiffs are arguing that Defendants must alter the price of an item already in its inventory that is enjoyed by all individuals regardless of disability status. Nothing in the ADA requires a place of public accommodation to lower the price of a good[7] in its inventory because an individual with a disability would like to purchase it. Rather, the ADA regulates access to the goods and services that places of public accommodation typically provide, not the content of those goods and services, and not the pricing of those goods and services. Plaintiffs have equal access to Defendant's locations and all of its offerings, including Non-Dairy Alternatives. As such, Defendant complies with the ADA.

### 3. Defendant Provides All Individuals with a "Like Experience"

Defendant does not charge individuals with disabilities more for Non-Dairy Alternatives than it charges non-disabled individuals for Non-Dairy Alternatives. Indeed, disabled customers enjoy the same access and experience that non-disabled customers do. A modification lowering the price of drinks made with Non-Dairy Alternatives—below what would be charged to non-lactose intolerant customers for that same drink—for lactose intolerant customers is thus not necessary to provide a "like experience" to the two groups of customers. *Munoz*, 2024 U.S. Dist. LEXIS 201361 at *13-14.

Plaintiffs' reliance on *Baughman* for the contention that Defendant must not charge for Non-Dairy Alternatives or must offer Non-Dairy Alternatives for free to disabled individuals is misplaced. As Plaintiffs note, *Baughman* dealt with a plaintiff who requested that Disney modify its policy of only allowing wheelchairs and scooters so that she could use a stand-up Segway because it made it "easier for her to visit Disneyland's many attractions, concessions and facilities." *Baughman*, 685 F.3d at 1132, 1135. The Ninth Circuit found the plaintiff's requested modification for access to Disney's amusement parks was consistent with its case law, noting that if, by allowing the plaintiff to use her Segway in Disney's amusement parks, Disney "can make Baughman's

---

[7] As noted in Defendant's Motion to Dismiss, Non-Dairy Alternatives are not "accessible goods" only used by individuals with disabilities; rather, they are "goods" that may be enjoyed by any customer.

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 9
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

experience less onerous and more akin to that enjoyed by its able-bodied patrons, it must take reasonable steps to do so." *Id*. at 1135-36. As Plaintiffs note in their Brief, the *Baughman* court discussed how public accommodations' facilities are used and the steps they must take to provide disabled individuals a like experience; it did not discuss pricing.

Of critical importance, the Ninth Circuit recognized that allowing disabled customers to use Segways in order to create a like experience "is supported by regulations" promulgated by the Department of Justice, which identify mobility devices and provide that public accommodations must make reasonable accommodations for the use of power-driven devices such as Segways. *Id.* at 1136 (quoting 28 C.F.R. § 36.311(b)(1)). "The regulation discusses Segways at length, concluding 'that in the vast majority of circumstances' public accommodations will have to admit them." *Id.* There is no comparable DOJ "price" regulation applicable here.

The DOJ's Title III regulations, appendix commentary, and Technical Assistance Manual all support a determination that Defendant is not required to modify the prices it charges for the drinks it sells in order for Plaintiffs to have a "like experience." Neither the content or the price of the goods or services offered by a place of public accommodation is regulated; rather, access to the goods and services is what Title III addresses. The DOJ's regulations do not dictate the prices that may be charged for any products, nor should they. The law does not require — and was never intended to require — such a result. Nothing prohibits or even impedes Plaintiffs from ordering Non-Dairy Alternatives, and nothing in the law requires that Defendant charge Plaintiffs a lower price for Non-Dairy Alternatives.

### D. Plaintiffs' Claims Are Moot

As noted in Defendants' Motion to Dismiss, a case becomes moot when there is no longer a reasonable expectation the violation will recur and when there are no existing effects of the alleged violation. *Hubbard v. Miandmo Invs. LLC*, 2021 U.S. Dist. LEXIS 121344, *4 (C.D. Cal. 2021) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979). "The basic question in determining mootness is whether there is a present controversy as

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 10
(Case No. 3:23-CV-06621-SI)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

to which effective relief can be granted." *Id.* (quoting *Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)).

Plaintiffs acknowledge that the indirect parent company of Dunkin has announced that Non-Dairy Alternatives would be offered at no additional cost or charge. Plaintiffs have not alleged (nor can they) that Defendants have a history of removing barriers and then re-installing them, nor that Defendants have a history of acting contrary to the policy of the indirect parent of Dunkin, nor that Defendants have taken any action to suggest that they would act contrary to the policy of the indirect parent company of Dunkin. At best, Plaintiffs merely claim it is possible for Defendants to do so. They offer nothing more than conjecture about a possible future controversy. As there is no present controversy to which this Court can grant relief, Plaintiffs' claims are moot. As such, dismissal of Plaintiffs' claims under Title III of the ADA is warranted. (Defendants note that the Court has requested additional briefing on the issue of mootness, and that Plaintiffs filed their briefing earlier today. To the extent necessary, Defendants will address the issue of mootness further in response to Plaintiffs' supplemental briefing on the issue.)

### E. **Plaintiffs' Claim of Intentional Discrimination Fails**

Plaintiffs appear to concede that their claim of intentional discrimination under the Unruh Act fails as they did not address Defendant's argument in this regard. Specifically, Plaintiffs appear not to challenge the correct statement that a plaintiff may recover under Unruh on two alternate theories: Violation of the ADA or denial of access to a business establishment based on intentional discrimination. The elements they discuss are analogous to those required to prove violation of the ADA, and are discussed elsewhere. Plaintiffs also do not address that for intentional discrimination, they must allege "willful, affirmative misconduct with the specific intent to accomplish discrimination on the basis of [a protected trait]." *Munoz*, 2024 U.S. Dist. LEXIS 201361, *16 (N.D. Cal 2024). Plaintiffs do not allege such willful, affirmative acts with such specific intent. Nor can they: Plaintiffs allege that all customers ordering a Non-Dairy Alternative, not just customers with a claimed disability who do so, incurred an upcharge. Because Plaintiffs cannot state a claim under the ADA, and because they have not sufficiently alleged a claim of

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 11
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

intentional discrimination, their claims under the Unruh Act also fail.

### F. Plaintiffs Fail to State a Claim of Unjust Enrichment or Restitution

Plaintiffs incorrectly cite *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1591-1593 (2008) for the proposition that the elements of an unjust enrichment claim are that "1) Defendant received a benefit; 2) Defendant's benefit was at the Plaintiff's expense; and 3) it would be unfair for the defendant to keep the benefit without compensating a proportionate amount to the plaintiff." Rather, *Peterson* provides that:

> The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank* 77 Cal.App.4th 723, 726 (2000). Here, plaintiffs received the benefit of the bargain. "[T]he 'mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.'" *Marina Tenants Assn. v. Deauville Marina Development Co*. 181 Cal.App.3d 122, 134 (1986). "There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." (*Comet Theatre Enterprises v. Cartwright,* 195 F.2d 80, 83 (9th Cir. 1952).

*Id.* at 1593 (dismissing unjust enrichment claim requesting return of insurance premiums due to defendant's unlicensed status because "plaintiffs received the benefit of the bargain[,]" namely, "the bargained for insurance at the bargained for price").

Here, Plaintiffs do not allege that they did not receive the Non-Dairy Alternatives that they paid for or that non-disabled individuals were not required to pay the same amount for the Non-Dairy Alternatives. As set forth above, the situation in the present matter is not akin to that in *Phillips*; Plaintiffs' reliance on this case is inapposite.

As set forth in Defendants' motion, Plaintiffs' allegations demonstrate that they got exactly the exchange they expected. They do not plead that they did not know about the upcharge when they ordered, that they were charged more than they expected, or that they did not receive the drink they ordered. Thus, Plaintiffs' own allegations demonstrate that they got "the exchange [they expected]," and that "[t]here is no equitable reason for invoking restitution." *See Peterson*, 164 Cal. App. 4th at 1593. As such, Plaintiffs' have not stated a claim for unjust enrichment or

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 12
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

restitution.

### G. Plaintiffs Should Not Be Permitted to Amend the Complaint

Plaintiffs have already had two bites at the proverbial apple, having filed a Complaint and an Amended Complaint. Permitting Plaintiffs to file a third Complaint will only result in additional needless expenditures on Defendants' behalf. The parties met and conferred multiple times to discuss the deficiencies in Plaintiffs' Amended Complaint, and Plaintiffs refused to address them by amending the Amended Complaint prior to Defendants' deadline to file their Motion to Dismiss. As such, Defendants respectfully request that Plaintiffs' request to further amend their complaint, particularly to address basic allegations core to their claims, be denied.

### IV. CONCLUSION

For the reasons set forth herein, Defendants assert that Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted and respectfully requests the Court grant their motion and dismiss Plaintiffs' Amended Complaint in its entirety.

Respectfully submitted this 4th day of April, 2025.

JACKSON LEWIS P.C.

By: */s/ Brian K. Keeley*
Brian K. Keeley, SBN No. 211605
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: (206) 802-3802
Brian.Keeley@jacksonlewis.com

Counsel for Defendants 6201 Hollywood Donuts LLC and RW Oakland LLC

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 13
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**Certificate of Service**

I certify that on April 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record.

DATED this 4th day of April, 2025.

JACKSON LEWIS P.C.

By: */s/ Brian K. Keeley*
Brian K. Keeley, SBN No. 211605

Counsel for Defendants 6201 Hollywood Donuts LLC and RW Oakland LLC

**6201 Hollywood Donuts LLC's and RW Oakland LLC's Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)** - 14
(Case No. 3:23-CV-06621-SI)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404