David B. Carpenter (*pro hac vice*)
Brett E. Coburn (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
david.carpenter@alston.com
brett.coburn@alston.com

Meghan M. McBerry (SBN 334464)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Facsimile:  (415) 243-1001
meghan.mcberry@alston.com

Attorneys for Defendant
**DUNKIN' DONUTS FRANCHISING LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA GARLAND, TONYA HUGHES, NATASHA HERNANDEZ, GEANEEN COJOM, ARSENIO PELAYO, ALBERT FITCH, PAULEEN MARA, LORA PREMO, URCELINA MEDEIROS, RUBY SMITH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUNKIN' DONUTS FRANCHISING, LLC, 6201 HOLLYWOOD DONUTS LLC, BURTON RESTAURANTS, LLC, RW OAKLAND LLC, MADISON FOOD MANAGEMENT, LLC, GOLDEN GATE RESTAURANT GROUP, LLC,<br><br>Defendants. | Case No.: 3:23-CV-06621-SI<br><br>**DEFENDANT DUNKIN' DONUTS FRANCHISING LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING MOOTNESS**<br><br>**Judge:** Hon. Susan Illston<br>**Date:** March 14, 2025<br>**Time:** 10:00 a.m. PT<br>**Location:** San Francisco Courthouse<br>Courtroom 1 – 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Action filed: December 26, 2023<br>FAC filed:   December 11, 2024 |

Contrary to Plaintiffs' assertion, Defendant Dunkin' Donuts Franchising LLC ("Dunkin'") has not taken the position that the change in policy regarding Non-Dairy Alternatives that was described in the Joint Notice (Dkt. 74) (the "Policy Change") moots Plaintiffs' ADA claim. (*See* Dkt. 85 at 2 ("This is particularly true where—as here—the defendant is contending that a change in policy has allegedly mooted the plaintiff's claims.").)

Nor does Dunkin' take such a position now. Ninth Circuit authority, including case law cited in Plaintiffs' supplemental brief, indicates generally that claims under Title III of the ADA cannot be mooted by a change in policy, as contrasted with permanent structural changes to a physical location. (*See id.* at 2-4 (citing *Butler v. WinCo Foods, LLC*, 613 F. App'x 584, 585-86 (9th Cir. 2015) (rejecting mootness because defendant's exception to its policy was not "sufficiently entrenched and permanent"); *Hubbard v. Sola Real Estate Fund I LLC*, No. CV 20-6964-MWF, 2022 U.S. Dist. LEXIS 80614, at *7 (C.D. Cal. May 3, 2022), *aff'd*, No. 22-55562, 2023 U.S. App. LEXIS 19070 (9th Cir. July 26, 2023) ("The Court has no doubts about the sincerity and earnestness of SoLa's intentions and efforts to remedy the accessibility of the tenant store and enforce its policy ensuring compliance. However, the implementation of a policy is insufficient to satisfy the formidable burden of showing that the ADA violations at issue are not likely to recur again.") (internal quotation marks and citation omitted); *Sullivan v. Storer Transit Sys.*, No. 20-cv-00143-JCS, 2020 U.S. Dist. LEXIS 105078, at *17-18 (N.D. Cal. June 16, 2020) ("In contrast to permanent structural changes, voluntary cessation only amounting to a reversible policy change does not show that the challenged conduct cannot reasonably be expected to recur."); *Langer v. Kaimana LLC*, No. CV 16-7452-DMG, 2016 U.S. Dist. LEXIS 168755, at *5 (C.D. Cal. Dec. 1, 2016) ("Unlike ADA cases involving post-lawsuit structural alterations, which would require defendants to make physical alterations to a non-ADA compliant property, the policy at issue here simply requires Defendants' inaction.")).)

While Dunkin' has no present intention of modifying or discontinuing the recent Policy Change, it recognizes that, under applicable Ninth Circuit authority regarding mootness in the context of claims under Title III of the ADA, Plaintiffs' ADA claim here has not been mooted by the Policy Change.

DATED: April 8, 2025

DAVID B. CARPENTER
BRETT E. COBURN
MEGHAN M. MCBERRY
**ALSTON & BIRD LLP**

*/s/ Meghan M. McBerry*
Meghan M. McBerry

Attorneys for Defendant
Dunkin' Donuts Franchising LLC

# CERTIFICATE OF SERVICE

This is to certify that on April 8, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send an email notification of such filing to all attorneys of record.

**ALSTON & BIRD LLP**

*/s/ Meghan M. McBerry*
Meghan M. McBerry

Attorney for Defendant
Dunkin' Donuts Franchising LLC